[Cite as *Patel v. Sandusky City School Dist. Bd. of Edn.*, 2017-Ohio-8510.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| Mit Patel | Court of Appeals No. E-17-019 |
| Appellant | Trial Court No. 2016 CV 0055 |
| v. | |
| Sandusky City School District Board of Education, et al. | **DECISION AND JUDGMENT** |
| Appellees | Decided: November 9, 2017 |

* * * * *

Sydney S. McLafferty and Paul Giorgianni, for appellant.

John V. Rasmussen and Allison E. Hayes, for appellees.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a March 15, 2017 judgment of the Erie County Court of Common Pleas, denying appellant's February 21, 2017 Civ.R. 60(B) motion for relief from two January 25, 2017 single-sentence summary judgment rulings in which appellant

was not served with, and had no notice of, the Civ.R. 56 summary judgment filings pending against him.

{¶ 2} The parallel, perfunctory rulings recited no facts and reflected no analysis which would be indicative of an unresponded to motion for summary judgment.

{¶ 3} For the reasons set forth below, this court reverses the March 15 judgment of the trial court, vacates the January 25, 2017 summary judgment rulings, and remands this matter back to the trial court for further proceedings consistent with this opinion.

{¶ 4} Appellant, Mit Patel, sets forth the following three assignments of error:

1. The trial court [erred when it] overruled Mr. Patel's motion for relief from judgment.

2. The trial court [erred when it] overruled Mr. Patel's motion for relief from judgment without conducting an evidentiary hearing.

3. The trial court [erred when it] overruled Mr. Patel's motion to strike from the record the transcript of Mr. Patel's deposition.

{¶ 5} The following undisputed facts are relevant to this appeal. On November 11, 2013, appellant was a senior at Sandusky high school and enrolled in an industrial shop class. During shop class, appellant experienced a serious machinery incident and sustained a severe injury. Appellant suffered the near amputation of his left hand.

{¶ 6} On January 21, 2016, appellant filed a complaint in the trial court against the shop class teacher, Sandusky High School, the local school board, and the individual school board members. A trial date of June 26, 2017, was set.

2.

{¶ 7} On December 6, 2016, two sets of the named defendants separately filed motions for summary judgment. The record reflects that the motions for summary judgment were filed electronically through the trial court's local e-filing system.

{¶ 8} Notably, the record reflects that the motions for summary judgment were never served upon, electronically or otherwise, appellant or counsel for appellant. The record reflects that both appellant and appellant's counsel lacked actual or constructive notice of the pending summary judgment filings.

{¶ 9} Consistently, given the lack of service or notice, the record reflects no filings in opposition to the pending motions for summary judgment. On January 25, 2017, the trial court issued two orders granting summary judgment to all appellees. Notably, in a significant and substantive civil matter such as the instant case, the trial court summary judgment orders were devoid of any factual information and any legal analysis.

{¶ 10} The subject summary judgment orders cursorily concluded, "No genuine issue of material fact remains in dispute as to the claims of Plaintiff against Defendants." The record reflects that no factual review, no legal review, and no analysis can be discerned from the summary judgment orders in a case in which the non-moving party was not made aware of the summary disposition filings pending against him.

{¶ 11} The record reflects that the local Erie County e-filing system expressly mandates that parties who are represented in a pending action by an attorney who is not registered for Erie County e- filing nevertheless, "[M]ust be served by the filing attorney." That did not occur in the instant case.

3.

{¶ 12} In addition, the record reflects that Erie County Loc.R. 22.2(K) mandates that, "In e-filing cases, counsel is still expected to comply with the Civil Rules regarding service upon opposing parties/counsel." That did not occur in the instant case.

{¶ 13} As such, regardless of the local e-filing system, Civ.R. 5(A) unambiguously mandates that, "[E]very pleadings subsequent to the original complaint * * * shall be served upon each of the parties." That did not occur in the instant case. On the contrary, the record reflects that neither the trial court Clerk of Courts nor counsel for appellees served the summary judgment filings upon appellant or counsel for appellant.

{¶ 14} Interestingly, conversely, the record reflects that on January 31, 2017, counsel for appellant was successfully served with notice that summary judgment had been granted against appellant in favor of appellees.

{¶ 15} Given the above-described series of events, subverting appellant's due process rights in this matter, on February 21, 2017, appellant filed a Civ.R. 60(B) motion for relief from the summary judgment rulings.

{¶ 16} Despite the 60(B) motion for relief being fully briefed to the trial court by the opposing parties, the March 15, 2017 trial court order denying appellant's motion was similarly devoid of facts, substance, and analysis.

{¶ 17} The unabridged trial court ruling summarily stated, "This matter came on to be heard upon plaintiff's motion for relief from judgment. *Upon due consideration*, this Court finds Plaintiff's Motion is not well taken and is hereby denied." (Emphasis added). The record reflects otherwise. This appeal ensued.

4.

{¶ 18} In the first assignment of error, appellant maintains that the trial court erred in denying appellant's Civ.R. 60(B) motion for relief from the summary judgment orders. We concur.

{¶ 19} The disputed trial court denial of appellant's Civ.R. 60(B) motion is reviewed pursuant to the abuse of discretion standard of review. An abuse of discretion connotes more than an error of law or judgment. It requires demonstration that the trial court's action was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 20} Civ.R. 60(B)(1) establishes in pertinent part, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect."

{¶ 21} As applied to the instant case, the record unequivocally reflects that neither appellees, nor any counsel of any appellee, complied with the Civ.R. 5(A) and Loc.R. 22.2(K) pleading service mandates necessitated in the summary judgment filings underlying this case.

{¶ 22} On the contrary, the record reflects that appellant, and counsel for appellant, were not served or notified, electronically or otherwise, with the summary judgment filings pending against appellant. The record reflects no awareness of the matter by appellant, or counsel for appellant, until the subsequent successful service upon counsel for appellant of the summary judgment rulings in favor of appellees.

5.

{¶ 23} Again, regardless of counsel for appellant's status with the local Erie County e-filing system, counsel for appellees remained obligated to perform service upon appellant of the summary judgment filings pursuant to both Civ.R. 5(A) and Erie County Loc.R. 22.2(K).

{¶ 24} The clear and consistent failure to do so in this case unreasonably and unjustly culminated in adverse summary judgment rulings against appellant without his knowledge of the pending motions so as to have an opportunity to oppose them.

{¶ 25} Given these facts and circumstances, we find the trial court's March 15, 2017 denial of appellant's February 21, 2017 Civ.R. 60(B) motion for relief from the summary judgment rulings both arbitrary and unreasonable. The record shows it to be an abuse of discretion. We find appellant's first assignment of error to be well-taken.

{¶ 26} In the second assignment of error, appellant similarly maintains that the denial of the Civ.R. 60(B) motion without conducting a hearing was an abuse of discretion.

{¶ 27} Given our determination in response to the first assignment of error, finding the denial of the motion to be an abuse of discretion, we find appellant's second assignment of error moot.

{¶ 28} In the third assignment of error, appellant maintains that the trial court erred in denying appellant's motion to strike the deposition transcript of appellant that was filed accompanying the underlying summary judgment filings. We concur.

{¶ 29} In support of the third assignment of error, appellant emphasizes that the transcript filed in the course of the summary judgment filings was not accompanied by appellant's signature reflecting that appellant had been furnished the requisite opportunity

6.

to review the transcript, or in the alternative, a statement from the court reporter reflecting that the deponent either waived signature or refused signature, so as to properly authenticate the proffered evidence.

{¶ 30} Civ.R. 30(E) establishes in pertinent part that when a deposition unsigned by the witness is filed, "[T]he officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign."

{¶ 31} Consistent with their failure to comply with Civ.R. 5(A) and Loc.R. 22.2(K), the record likewise reflects that counsel for appellees failed to comply with Civ.R. 30(E) in connection to appellant's deposition transcript and, nevertheless, the trial court summarily denied appellant's motion to strike.

{¶ 32} Based upon the foregoing, we find that the record reflects that the trial court's denial of appellant's motion to strike the improperly filed deposition transcript was arbitrary, unreasonable, and an abuse of discretion. Wherefore, we find appellant's third assignment of error well-taken.

{¶ 33} On consideration whereof, the March 15, 2017 trial court judgment denying appellant's February 21, 2017 Civ.R. 60(B) motion for relief from the January 25, 2017 summary judgment rulings is hereby reversed. The January 25, 2017 summary judgment rulings are hereby vacated. The December 6, 2016 deposition transcript filing is hereby stricken from the record.

{¶ 34} This matter is hereby reversed and remanded to the trial court for further proceedings consistent with this opinion. Pursuant to App.R. 24, costs of this appeal are hereby assessed against appellees.

7.

Judgment reversed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.



Thomas J. Osowik, J.                      _____
                                                              JUDGE

James D. Jensen, P.J.           

                                                    _____
Christine E. Mayle, J.                              JUDGE
CONCUR.

                                                    _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.